**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DAVID SANTOS,                          ) NO. CV 16-8020-CAS(E)
                                       )
          Petitioner,                  )
                                       )
     v.                                ) ORDER OF DISMISSAL
                                       )
W.L. MONTGOMERY,                       )
                                       )
          Respondent.                  )
_____)

     On October 27, 2016, Petitioner filed a "Petition for Writ of
Habeas Corpus by a Person in State Custody."  The Petition challenges
a Los Angeles Superior Court conviction and/or sentence in case No.
LA068189.  Petitioner previously challenged this same conviction
and/or sentence in a prior habeas corpus petition filed in this Court.
See Santos v. Montgomery, CV 15-7643-CAS(E).  On May 5, 2016, this
Court entered Judgment in Santos v. Montgomery, CV 15-7643-CAS(E),
denying and dismissing the prior petition on the merits with
prejudice.

///

///

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the

---

[1]      The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).  The Ninth Circuit's docket does not show that any individual named David Santos has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.

1   petition and should dismiss it.") (citation omitted).

2

3        For all of the foregoing reasons, the Petition is denied and

4   dismissed without prejudice.[2]

5

6        LET JUDGMENT BE ENTERED ACCORDINGLY.[3]

7

8        DATED: November 1, 2016.

9

10   _____
                CHRISTINA A. SNYDER
11            UNITED STATES DISTRICT JUDGE

12

13   PRESENTED this 28th day of

14   October, 2016, by:

15

16   _____/s/_____
              CHARLES F. EICK
17   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22        [2]   Ninth Circuit Rule 22-3(a) provides that "if a second
23   or successive petition . . . is mistakenly submitted to the
     district court, the district court shall refer it to the court of
24   appeals."  Assuming arguendo that the conflict between 28 U.S.C.
     section 2244(b) and Rule 22-3(a) does not invalidate the latter,
25   dismissal rather than "reference" still would be appropriate
     herein.  It is apparent that Petitioner submitted the present
26   Petition to this Court intentionally rather than mistakenly.

27        [3]   In light of this disposition, "Petitioner's Motion for
     Appointment of Counsel, etc.," filed October 27, 2016, is denied.
28   See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir.), cert.
     denied, 479 U.S. 867 (1986).

3